# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Cesar Tovar, | ) | CASE NO. _____ |
|     Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| VS. | ) | **AND** |
| NCO FINANCIAL SYSTEMS, INC., | ) | **DEMAND FOR JURY TRIAL** |
|     Defendant. | ) | |

COMES NOW, the Plaintiff, by and through his attorneys, Pamela A. Car and William L. Reinbrecht of Car & Reinbrecht, P.C., L.L.O., and alleges and states that this is an action brought by an individual consumer for Defendant's violations of the FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 et. seq., and pendent state claims. In support of his claims, the Plaintiff states and alleges as follows:

## JURISDICTION AND PARTIES

1. That subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. That venue is proper in this Court for the reason that the claims alleged herein happened in this Judicial District.

3. That Plaintiff lives in Omaha, Douglas County, Nebraska.

4. That Defendant NCO FINANCIAL SYSTEMS, INC., (hereinafter referred to as "NCO" is a debt collector organized and existing under the laws of Pennsylvania, and doing business of collecting debts in this state and elsewhere.

5. That Citibank South Dakota N.A. is the original creditor of the transaction on which this suit is based.

1

## FACTUAL BACKGROUND

6. That at all times relevant hereto the Defendant NCO was attempting to collect an alleged debt of CITIBANK SOUTH DAKOTA, with an account no. ending in 9588 alleged to be in default by the Plaintiff for personal, family or household purposes.

7. That in December of 2010, Plaintiff settled this account no. 9588 *in full* with Client Services, Inc., on behalf of Citibank South Dakota.

8. That despite the account being settled in full, Defendant NCO sent the Plaintiff a latter dated April 29, 2011, the purpose of which was to collect on the same account no. ending in 9588, which was already settled in full. Attached hereto as Exhibit A and incorporated herein by this reference is a copy of NCO's letter.

9. Upon receiving the NCO letter (Exhibit A), Plaintiff took it upon himself to contact Client Services and request written confirmation of the previous settlement. Plaintiff received the requested confirmation in the from of a letter dated 5/09/11 referencing the same account number as being settled in full, which NCO now seeks to collect. Attached hereto as Exhibit B and incorporated herein by this reference is a copy of said confirmation letter.

NCO continues to attempt to collect on this paid account.

## CAUSE OF ACTION NO. 1
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW the Plaintiff and for his First Cause of Action against the Defendant, states and alleges as follows:

10. That the Plaintiff is a natural person and is a "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (a)(3).

11. The Defendant NCO is a collection agency located in Pennsylvania, which is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such, is a "debt collector" within the meaning of 15 U.S.C. 1692 (a)(6).

12. That at all times relevant hereto the Defendant was attempting to collect an alleged debt alleged to be in default by the Plaintiffs for a consumer account.

13. That during the course of attempting to collect the alleged debt, Defendant:

    a) made false or misleading statements and used false means in connection with the attempted collection of said alleged debt in violation of 15 U.S.C. §1692e; and e(10)

    b) made false misrepresentation of the character amount and legal status of the debt;

    c) attempted to the collect any amount not owed or permitted by law;

    d) took and threatened to take an action that cannot be legally taken or that is not intended to be taken in violation of 15 U.S.C. §1692e;

14. That, as a direct and proximate result of these acts, Plaintiff suffered actual damages, and other damages.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for statutory damages, general damages, actual damages, and statutory attorney fees and costs of this suit and for such other and further relief as the Court shall deem appropriate.

## CAUSE OF ACTION NO. 2
## NEBRASKA CONSUMER PROTECTION ACT

15. Plaintiff repeats and incorporates the foregoing allegations contained above as if fully set forth herein.

16. That the FDPCA violations set forth above also constitute violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1609 et seq. and entitles Plaintiff to statutory and actual damages, injunctive relief and attorney fees and costs.

17. That this case is within the public interest.

WHEREFORE, Plaintiff requests judgment be entered in her favor against the Defendants, as follows:

- A. Awarding statutory damages pursuant to Neb. Rev. Stat. § 59-1609;
- C. Awarding actual damages;
- D. Awarding costs and reasonable attorney fees pursuant to Neb. Rev. Stat. § 59-1609 et seq.; and
- E. Enter such additional relief as the Court may find to be just and proper.

Dated: June 4, 2011                                  Cesar Tovar,  Plaintiff,


By: *Pamela A. Car*
Pamela A. Car, # 18770
William L. Reinbrecht, #20138
Car & Reinbrecht, P.C., L.L.O.
8720 Frederick St. # 105
Omaha, NE 68124
(402) 391-8484 phone
( 402) 391-1103 fax
pacar@cox.net -e-mail
ATTORNEYS FOR PLAINTIFF

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable in Omaha, NE.

s/ Pamela A. Car